UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| NICOLE P. VEATER, <br><br>    Plaintiff, <br><br>vs. <br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security <br><br>    Defendant. | 2:17-cv-01505-JCM-VCF <br><br>**REPORT AND RECOMMENDATION** <br><br>MOTION TO REMAND [ECF NO. 18]; CROSS-MOTION TO AFFIRM [ECF NO. 21] |

This matter involves plaintiff Nicole Veater's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Before the Court are Veater's motion for remand (ECF No. 18) and the Acting Commissioner's cross-motion to affirm and opposition to plaintiff's motion for reversal (ECF Nos. 21 and 22). The Court recommends denying plaintiff's motion to remand and granting the Commissioner's cross-motion.

**I.    Standard of Review**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V.  Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the

District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited.  *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence."  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence).  If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

**II.     Discussion**

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520.  The ALJ concluded plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 1, 2012. (AR[1] at 17). The ALJ found plaintiff had numerous severe impairments, "having more than a minimal effect on the claimant's ability to do basic work activities." (*Id.* at 18).  These were: left shoulder pain of an unclear

---

[1] The Administrative Record ("AR") is found at ECF No. 14.

etiology, status post multiple orthopedic surgeries; osteoarthritis of the bilateral hips with avascular necrosis of the left hip, status post left total hip arthroplasty on April 3, 2014; plantar fasciitis with tarsal tunnel syndrome; degenerative disc disease of the cervical and lumbar spine; asthma; irritable bowel syndrome; diabetes mellitus, type II; nephrocalcinosis; obesity; seizure disorder, fibromyalgia; a mood disorder, not otherwise specified (NOS); an anxiety disorder, and a history of alcohol abuse, in reported remission. (*Id.* at 17).

The ALJ found plaintiff's impairments, while severe, did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at 18). The ALJ concluded plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with some exceptions. (*Id*. at 19). The ALJ found that plaintiff must use an assistive device for ambulation on the job and must avoid concentrated or frequent exposure to extreme cold, heat, vibration, pulmonary irritants and hazards. (*Id*.). The ALJ also found that plaintiff had no limitation in her ability to perform simple repetitive tasks and mildly detailed tasks characteristic of unskilled or semi-skilled tasks. (*Id*. at 19-20). The ALJ found plaintiff is unable to perform past relevant work (*Id*. at 27). The ALJ also found that plaintiff meets the insured status requirements of sections 216(i) and 223 of the Social Security Act. (*Id*. at 17). The ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from April 1, 2012 through the date of the decision on December 28, 2015. (*Id*. at 29).

Plaintiff challenges the ALJ's conclusions on two grounds: 1) that the ALJ improperly rejected the opinions of plaintiff's treating doctors; and 2) the ALJ improperly rejected plaintiff's testimony. (ECF No. 18 at 3, 13). Plaintiff argues the ALJ did not properly consider the opinions of examining physicians Dr. Larson, Ph.D. and Dr. Fabella-Hicks, Ph.D. because she did not offer a legitimate conclusion or legally sufficient reason for rejecting the opinions. (*Id*. at 4-5). Plaintiff argues the ALJ

3

failed to provide clear and convincing findings in support of the ALJ's rejection of plaintiff's testimony. (*Id*. at 13). Plaintiff also argues that the ALJ improperly rejected the plaintiff's testimony as not credible because it lacks support in the medical evidence. (*Id*. at 14).

The Commissioner argues the ALJ's decision is supported by substantial evidence. (ECF. 21 at 1). The Commissioner asserts substantial evidence supports the ALJ's findings, that the ALJ reviewed the record and gave "significant weight" to Dr. Larson's and Dr. Fabella-Hicks's opinions and permissibly rejected the portions beyond the residual functional capacity. (*Id.* at 4). The Commissioner also argues that the ALJ properly weighed plaintiff's activities and statements regarding her ability to engage in activities, when deciding whether her subjective testimony of disability was consistent with the record evidence. (*Id*. at 19).

The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when rejecting Dr. Larson's and Dr. Fabella-Hicks's opinions and for discounting the testimony of plaintiff Veater.

**A. Discounting the Medical Opinions**

More weight is given to the opinion of a treating source than the opinion of a doctor who did not treat the plaintiff. See *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Medical opinions and conclusions of treating physicians are accorded special weight because these physicians are in a unique position to know plaintiffs as individuals, and because the continuity of their dealings with plaintiffs enhances their ability to assess the plaintiffs' problems. See *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

"[A]n [ALJ] may disregard medical opinion that is brief, conclusory, and inadequately supported by clinical findings." *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (per curiam). Treating physicians' uncontroverted "ultimate conclusions . . . must be given substantial weight; they cannot be

disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

The ALJ gave clear and convincing reasons set forth in proper detail for rejecting some of the mental restrictions noted in Dr. Larson's and Dr. Fabella-Hick's psychological evaluations. (AR at 26). Dr. Larson opined that 1) plaintiff would have difficulty understanding, remembering, and carrying out an extensive variety of complex instructions (AR 25, 841); plaintiff would have sufficient general cognitive ability to understand, remember, and carry out simple one- or two-step, as well as most tasks with detailed instructions (AR 25, 841); and plaintiff's chronic pain would interfere with her concentration and desire to socialize and make it difficult for her to tolerate work setting stressors (AR 25, 841-842). Dr. Fabella-Hicks opined that plaintiff could understand, remember, and carry out simple one- or two-step; detailed; and complex instructions (AR 26, 1095); plaintiff could interact appropriately with supervisors, coworkers, and the public (AR 26, 1095- 1096); and plaintiff could maintain concentration, persistence, and pace to carry out specific tasks and tolerate work setting stressors (AR 26, 1096).

The ALJ considered the opinion of plaintiff's treating physician Dr. Anurang Gupta, M.D, who reported that the plaintiff's mental status symptoms were mild (AR 26, 1131) and two years later Dr. Gupta states that plaintiff reported improvement of her mood on medication (AR 21, 1485). The ALJ also gave substantial weight to the opinions of psychological consultants Mark Richman, Ph.D., and Sally Skewis, Ph.D. because their opinions were consistent with the overall evidence. (AR 27). Dr. Richman opined that plaintiff exaggerated her pain and he stated that she refused to perform many of the physical tasks during the consultative examination. (AR 81). Dr. Skewis reviewed the evidence and found that Plaintiff was not significantly limited in her understanding, memory, or concentration, persistence, or pace with some exceptions. (AR 126-127).

The ALJ reasonably found that Dr. Larson's and Dr. Fabella-Hick's opinions of further restriction beyond the assessed residual functional capacity were based on plaintiff's subjective complaints of disability, which were not supported by the record because it indicated that plaintiff could perform some activities of daily living such as talking to family every day, watching her husband cook, reading fiction and non-fiction books, folding laundry, and doing light grocery shopping without significant difficulty (AR 21, 55-56, 332, 1093-1094). Plaintiff reported to Dr. Fabella-Hicks that she could shower, dress, do her hair, count change, and pay for things (AR 21, 1094). See *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001) (ALJ's finding that doctor's "restrictions appear to be inconsistent with the level of activity that [plaintiff] engaged in by maintaining a household and raising two young children, with no significant assistance from her ex-husband," was specific and legitimate reason for discounting the doctor's opinion).

The ALJ's findings that the objective medical evidence in the record does not support Dr. Larson's and Dr. Fabella-Hicks's conclusions regarding plaintiff's mental ability to perform work are supported by substantial evidence within the record.

**B. Discounting the Plaintiff's Testimony**

The ALJ must evaluate the plaintiff's testimony using a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the plaintiff presented objective medical evidence of an underlying impingement which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "Second, if the Plaintiff meets this first test, and there is no evidence of malingering, the ALJ can reject the plaintiff's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

General findings are inadequate as the ALJ must identify what testimony is not credible and what evidence undermines the plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010).

The ALJ found the plaintiff's subjective complaints and alleged limitations are not persuasive because "considering the claimant's medical records as a whole, her testimony concerning her alleged functional limitations, and the opinion evidence," along with other evidence, "do[es] not warrant greater functional limitation for any durational period" (AR 27). The ALJ discounted plaintiff's assertions of disabling pain because of inconsistencies with the medical record and inconsistencies with plaintiff's daily activities. (AR at 21). The ALJ found that plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §404.1567(a) and that she could perform simple repetitive tasks with no limitation, along with other specific limitations, such as using an assistive device for walking on the job, which addressed plaintiff's various limitations regarding her physical and mental impairments. (AR 17-27). The ALJ found that plaintiff's medical records support this finding. (AR 21 and 26). For example, a September 28, 2012 CT scan of the upper torso showed normal results (AR 22, 718). An April 2013 MRI scan of the brain revealed normal results (AR 23, 979). The ALJ therefore provided specific, clear and convincing reasons for discounting plaintiff's testimony.

The ALJ also found plaintiff's complaints were inconsistent with her daily activities, as analyzed above. (AR 21). An ALJ may use daily activities to form the basis of adverse credibility determination when the activities "involv[e] the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ may consider any of the plaintiff's daily activities that "may be seen as inconsistent with the presence of a condition which would preclude all work activity." *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990).

7

The ALJ found plaintiff's allegations of functional limitations to be inconsistent with her activities of daily living. (AR 21). Plaintiff's daily activities, discussed above, include folding laundry and doing light grocery shopping without significant difficulty. (*Id*.). The ALJ noted that plaintiff alleged that her severe impairments resulted in significantly reduced social functioning but found that plaintiff's allegation is inconsistent with her hearing testimony because she reported she had a normal relationship with her husband and family. (*Id*.). The ALJ found these activities rendered plaintiff's allegations of disability less persuasive. (*Id.*). The Court finds the ALJ provided clear and convincing reasons for discounting plaintiff's assertions of disabling pain.

### III. Conclusion

The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when discounting the opinions of plaintiff's treating physician, Dr. Larson and Dr. Fabella-Hicks, and for discounting the testimony of plaintiff Veater. The Commissioner did not err in denying Veater's claim. The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when discounting portions of plaintiff's treating physicians' opinions and for discounting the testimony of plaintiff Veater.

ACCORDINGLY,

IT IS HEREBY RECOMMENDED that plaintiff's motion for remand is DENIED (ECF No. 18) and the Acting Commissioner's cross-motion to affirm and opposition to plaintiff's motion for reversal is GRANTED (ECF No. 21).

DATED this 17th day of December 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE